DYK, Circuit Judge,
concurring in part and dissenting in part.
Although I join the majority opinion on the issues of contributory and induced infringement with respect to the '751 patent, I respectfully dissent as to the claim construction and infringement analysis for claim 1 of the '966 patent.
Claim 1 of the '966 patent covers:
1. A recording medium comprising:
at least one recording plane, wherein each recording plane on which data is recorded includes:
a data region in which data is recorded; and
a management region including number-of-recording-planes identifying information that represents the number of recording planes of the recording medium and recording-plane identifying information that uniquely identifies that recording plane.
'966 patent col.l 11.21-29 (filed Sept. 5, 1996) (emphasis added). As I discuss below, the specification and the prosecution history of the '966 patent make clear that the central objective of the patent was to identify whether an optical disc was a one-sided disc or a two-sided disc. While claim 1 is broadly written so that it requires both a number-of-sides identifier and a number-of-layers per side identifier (i.e., whether the disc has one or two layers per side), the accused product here does not have a number of sides identifier and thus does not infringe.
First, repeated and consistent references to disc sides in the specification and the prosecution history clearly show that “number-of-recording-planes identifying information” requires the identification of disc sides.
When describing the shortcomings of the prior art, the specification stated that “conventional management information does not include information that distinguishes” between “single-sided discs” and “double-sided discs.” '966 patent col.l 11.22-27. Improving upon the prior art, an “object of the present invention [wa]s to provide a recording medium and a reproducing apparatus thereof that determine the number of recording sides and a recording surface thereof.” '966 patent col.2 11.11-14. “Thus, according to the present invention, different types of recording mediums that are for example single-sided type and double-sided type can be handled.” '966 patent col.3 11.1-3.
The embodiment illustrated in Figure 2 refers to a “number-of-disc-sides identifier” and a “disc side identifier.” '966 patent fig.2. As shown in Figure 2, “[t]he number-of-disc-sides identifier 2 represents whether the disc is a double-sided disc or a single-sided disc.” '966 patent col.6 11.25-26. Figure 2 and its accompanying text are the only references in the specification for the terms “number-of-recording-planes identifying information” and “recording-plane identifying information,” and thus inform the meaning that an ordinary artisan would attach to those terms. There is no relevant embodiment in the specification that does not have a number-of-disc-sides identifier, nor any description of such an embodiment.
Any doubt left by the specification as to the proper construction of the disputed terms is resolved by the prosecution history. In addition to prior art rejections under 35 U.S.C. § 102, the examiner also rejected all pending claims under § 112 in the last office action prior to allowance. The examiner stated, among other things, that “[t]he specification as originally filed does not provide support for the limitation ‘each recording plane ... number of re *1373 cording plane ... planes identifying information.’ ” J.A. 761 (second and third alterations in original). In response to the § 112 rejection, Toshiba showed support for the claimed “number-of-recording planes identifying information” by equating a “recording plane” to a “side of the disc”:
As illustrated in FIG. 2 and as described in the Specification ... a number-of-disc-sides identifier 2 and a disc side identifier 3 ... must be provided on each side of the disc — i.e., each recording plane — in order for the disc side identifier 3 to serve its purpose of identifying which side is being recorded/reproduced.
J.A. 761-62 (emphasis added). The examiner subsequently allowed the claims. In the reasons for allowance, the examiner stated that:
[N]one of the cited prior art shows ... a disk having at least one recording plane ... and a management region including the number of recording planes identifying the number of recording planes on the disk and a separate recording plane identifying information that uniquely identify that recording plane (such as side A or side B or upper surface or lower surface)
J.A. 756. Given the examiner’s withdrawal of the § 112 rejection and the stated reasons for allowance, it is clear that the examiner viewed “number-of-recording-planes identifying information” as including both a number of sides identifier and a number of layers per side identifier. The majority suggests that the examiner’s use of “or” in the parenthetical shows that identification of disc sides is not necessarily required. But Toshiba’s representation is explicit that the number of recording planes identifying information must identify the number of sides and the number of layers on a side. The examiner’s statement as to the recording plane identifying information does nothing to alter that meaning.
Given the repeated references in the specification to disc sides and the prosecution history, including the examiner’s finding that the identification of recording planes “such as side A or side B or upper surface or lower surface” is what distinguishes the prior art, it is clear that “number-of-recording-planes identifying information” requires the identification of the number of sides as well as the number of surfaces (i.e., layers) on each side. Thus, it is not sufficient that the “number-of-recording-planes identifying information” only identify the number of layers on a disc just because the disc happens to be a one-sided disc. Rather, the “number-of-recording-planes identifying information” has to identify whether the disc is a one-sided disc or a two-sided disc.
The principles of claim differentiation do not support a different result. The majority appears to suggest that, if a side identifier is required by claim 1, then claim 5 is adding something that is already within claim 1, and that the claims would then have the same scope. However, the majority fails to recognize that claim 5 narrows claim 1 by covering only embodiments with one layer per side. Here, claim 5 recites:
5. The recording medium as in claim 1, wherein:
the number-of-recording-planes identifying information indicates that the recording medium is one of a single-sided disc and a double-sided disc.
'966 patent eol.16 11.59-62. Whereas claim 1 can cover embodiments with any number of layers on a side, dependent claim 5 appears to cover only embodiments with one layer per side. In such embodiments, the identification of the number of sides necessarily identifies the number of recording planes on a disc. In any event, *1374 “the doctrine of claim differentiation does not allow unrestrained expansion of claims beyond the description of the invention in the specification, and explanations and representations made to the PTO in order to obtain allowance of the claims.” Tandon Corp. v. U.S. Int’l Trade Comm’n, 831 F.2d 1017, 1028 (Fed.Cir.1987).
While I agree that appellees’ argument in this case regarding the correct claim construction is confusing, this court is not bound by the parties’ views of the proper claim construction. Exxon Chem. Patents Inc. v. Lubrizol Corp., 64 F.3d 1553, 1556 (Fed.Cir.1995). As described above, the specification and the prosecution history, as well as the language of claim 1 itself, clearly establish that claim 1 requires that an accused DVD be able to identify whether the DVD has one recording side or two recording sides.
For these reasons, I would affirm the district court’s grant of summary judgment of non-infringement of the '966 patent.